**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1753**

LENA HARDAWAY; ANGELENE HARDAWAY,

            Plaintiffs – Appellants,

      v.

EQUITY RESIDENTIAL HOLDING LLC,

            Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, Chief District Judge.  (8:13-cv-00149-DKC)

Submitted:  October 25, 2013      Decided:  December 5, 2013

Before WILKINSON, MOTZ, and DAVIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Lena Hardaway, Angelene Hardaway, Appellants Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pro se Appellants Lena and Angelene Hardaway appeal the district court's order denying their motion to file an amended complaint and dismissing their original complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. For the reasons that follow, we vacate the judgment and remand for further proceedings.

A federal court shall dismiss an in forma pauperis case at any time the court determines the action or appeal is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To survive the district court's scrutiny, a complaint filed in forma pauperis "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We review de novo a district court's dismissal for failure to state a claim. Epps v. JP Morgan Chase Bank, N.A., 675 F.3d 315, 320 (4th Cir. 2012).

Angelene Hardaway is a disabled person and Lena is her sister and guardian. They sought to assert three categories of claims in their suit against the companies that owned and/or managed Angelene's apartment building, The Veridian, located in

2

Silver Spring, Maryland: (1) disability discrimination and retaliation; (2) gender and race discrimination; and (3) miscellaneous state law claims. It is an understatement to say that the gist of the claims is obscure, but the district court seemed to discern, accurately, that the claims arise out of an ongoing dispute over Angelene's apartment lease agreement. Indeed, in a prior action, the district court issued a comprehensive memorandum opinion and order dismissing claims that largely track the claims asserted in this case. See Hardaway v. Equity Residential Management, LLC, 2012 WL 3903489 (D.Md. Sept. 6, 2012).

It appears the district court dismissed the disability discrimination and retaliation claims on the basis of collateral estoppel, relying on its earlier opinion and order. The doctrine of collateral estoppel precludes re-litigation of issues of fact or law that are identical to issues actually determined and necessarily decided in prior litigation that resulted in a final judgment on the merits in which the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate. Collins v. Pond Creek Mining Co., 468 F.3d 213, 217–18 (4th Cir. 2006). The district court erred, however, in concluding summarily on the bare record before it, that the Hardaways' prior claims, asserted against different defendants from those sued here, were precluded as a matter of

3

law.  This is because, as the Hardaways assert in their informal brief on appeal, the claims alleged here arose after the district court had dismissed their earlier case.  Specifically, they contend that here they complain of acts and omissions occurring on and after November 12, 2012.  Accordingly, it remains to be seen whether the prior action operates as a bar to the disability and retaliation claims alleged here.

Turning to the Hardaways' claims of race and gender discrimination, the court dismissed the claims for failure to exhaust administrative remedies, citing Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.  But the Hardaways do not assert employment claims, and the protections of Title VII are not at issue.  Accordingly, whether any exhaustion requirement applies to their ostensible race and gender claims has not been resolved on the present record.

Finally, the district court did not address the Hardaways' state claims in its final order.  Although the district court seemingly declined to exercise supplemental jurisdiction over these claims, the amended complaint alleged the existence of diversity of citizenship.  The complaint alleged that the Hardaways are citizens of Connecticut and Maryland, and that the Defendants are citizens of Illinois and Delaware, and that the amount in controversy exceeded $75,000.  If true, the court had diversity jurisdiction over the

Hardaways' state law claims.  See 28 U.S.C. § 1332(a)(1).  The district court did not address these allegations.  Accordingly, we vacate the dismissal of the Hardaways' state law claims.

Based on the foregoing, we vacate the judgment and remand for further proceedings.  We express no view as to how the district court might best proceed upon remand, or whether any asserted claims might survive further preliminary proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED